UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SNEZANA STANKOVIC,

               Plaintiff,

    -against-

DAVID M. FRANKEL, City of New York,
Dept. of Finance Commissioner,

               Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
SNEZANA STANKOVIC,

               Plaintiff,

    -against-

MATHEW M. WAMBUA, Commissioner of
NYC Dept of HUD,

               Defendant.
------------------------------------------------------------X
KUNTZ, United States District Judge:

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 06 2012 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

12 CV 3215 (WFK) (RER)

12 CV 3216 (WFK) (RER)

On June 21, 2012, plaintiff Snezana Stankovic filed these two *pro se* actions.[1] Plaintiff's

requests to proceed *in forma pauperis* are granted and these two actions are consolidated solely for

the purpose of this Order. Plaintiff's complaints are dismissed as set forth below.

<u>Background</u>

Plaintiff's complaints are typically sparse. In the first action, she states: "overtaxation and

property classification 2000-2008 income vs. expenses." No. 12 CV 3215. In the second action, she

states: "on finance invoice/property taxation (1) overcharge 1575.90 for non-rendered emergency

services . . . (2) 500.00 violation paid/HPD error charge (heating cost)." No. 12 CV 3216.

---

[1] Plaintiff has filed nearly 20 cases since May 2012. *See infra* p. 4.



Standard of Review

In reviewing plaintiff's complaints, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

Discussion

Plaintiff has not established that this Court has subject matter jurisdiction over these actions. *See, e.g., Rene v. Citibank*, 32 F.Supp.2d 539, 542 (E.D.N.Y. 1999). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction in available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff cites to the *in forma pauperis* ("IFP") statute as well as 28 U.S.C. §§ 1345 and 1348 as the bases for jurisdiction. The IFP statute does not provide a basis for jurisdiction and sections 1345 (United States as plaintiff) and 1348 (Banking association as party) do not apply.

2

To the extent plaintiff seeks to challenge the City or State's tax and or property classification, this Court lacks subject matter over these complaints. The Tax Injunction Act ("TIA") provides that [t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989); *see also Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994). Plaintiff's claims of "overtaxation" and "overcharge" – as sparse as they are – appear to challenge local tax matters. Therefore, this Court lacks subject matter jurisdiction and the actions are dismissed. Fed. R. Civ. P. 12(h)(3).

Even if plaintiff is not challenging a local tax matter, there are deficiencies in her complaints which would not allow the cases to proceed. For example, plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. There is no "factual content that allows the court to draw the reasonable inference that the defendant is liable for [any] . . . misconduct alleged." *Iqbal*, 556 U.S. at 678. *See* Compl, No. 12 CV 3215 at ¶ III; Compl., No. 12 CV 3216 at ¶ III. Plaintiff also fails to allege how each of the named defendants, Commissioner Frankel and Commissioner Wambua, was personally involved in the instant claims. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). For that matter, plaintiff fails to make *any* factual allegations against defendants Frankel or Wambua. Therefore, even if plaintiff could proceed in federal court, any claims against defendants Frankel and Wambua would be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

<u>Litigation History</u>

The Court notes that of late plaintiff has inundated this Court with similar "complaints" against a multitude of private and government parties:

> *Snezana v. Smith*, 12 CV 2457 (DLI) (RER); *Snezana v. Donovan*, 12 CV 2458 (DLI) (RER); *Snezana v. Queens Job Center*, 12 CV 2460 (DLI) (RER); *Snezana v. Executive Secretary*, 12 CV 2461 (DLI) (RER); *Snezana v. Ballantyne*, 12 CV 2462 (DLI) (RER); *Snezana v. NYS HESC*, 12 CV 2463 (DLI) (RER); *Snezana v. Commission NYS DOL*, 12 CV 2465 (DLI) (RER); *Snezana v. Con Edison*, 12 CV 2466 (DLI) (RER); *Snezana v. DeAguiar*, 12 CV 2467 (DLI) (RER); *Snezana v. Commissioner NYC DOE*, 12 CV 2468 (DLI) (RER); *Snezana v. Doria*, 12 CV 3217 (DLI) (RER); *Snezana v. Social Security*, 12 CV 3225 (DLI) (RER); *Snezana v. Con Ed*, 12 CV 3218 (DLI) (RER); *Snezana v. Bristol-Myers Squibb*, 12 CV 3224 (DLI) (RER); *Snezana v. Social Security Office of Disability*, 12 CV 3226 (DLI) (RER).

The Court will not tolerate abuse of its resources. Furthermore, "[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

Plaintiff should not file a complaint in federal court for every dispute or issue she may encounter, unless there is a good faith basis for this Court's subject matter jurisdiction over the matter. The Court reiterates that the subject matter jurisdiction of the federal courts is limited to federal question and diversity. *See* 28 U.S.C. §§ 1331-32.

Furthermore, plaintiff is hereby warned that if she continues to file similar complaints, she may be barred from filing any new civil action in this Court seeking *in forma pauperis* status without first obtaining leave of the Court to do so.

## Conclusion

Accordingly, the complaints, filed *in forma pauperis*, are dismissed for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

William F. Kuntz, II
United States District Judge

Dated: July 6 , 2012
Brooklyn, New York

5